UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at London

| | | |
|---|---|---|
| WILLIAM SAMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:26-cv-00065-SCM |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL | ) | **AND ORDER** |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff William Sammons appeals the Social Security Administration's denial of his claim for disability insurance benefits ("DIB"). [Dkt. 1, Complaint]. The Plaintiff requests that this Court modify the SSA's decision and grant him the benefits he seeks or, in the alternative, remand the case to the SSA for reconsideration of the evidence. [*Id.* at 3–4]. The Defendant SSA Commissioner, however, argues that the Complaint should be dismissed because the Plaintiff failed to file it before the applicable statute of limitations had run. [Dkt. 6 at 1–2 (citing 42 U.S.C. § 405(g))]. The Plaintiff did not respond to the Defendant's Motion, and no exceptions to the statute of limitations apply here. Accordingly, this Court will grant the Defendant's Motion and dismiss the Complaint.

## I.    <u>Background</u>

The Plaintiff, William Sammons, is a Kentucky resident who applied to the SSA for a period of disability and DIB on April 17, 2023. [Dkt. 6-1, Declaration, at

8]. According to the Plaintiff, he needed benefits because of his inability to work caused by numerous physical and mental health issues. [*Id.* at 11]. The SSA denied his claim in 2023 and denied it again upon reconsideration in 2024. [*Id.* at 8]. The Plaintiff then requested a hearing, which was held on December 10, 2024. [*Id.*]. Ultimately, the ALJ underwent the five-step evaluation for disability determinations and found at step five that the Plaintiff's "age, education and transferable work skills" meant that he was not disabled. [*Id.* at 20]. The ALJ issued her decision on February 27, 2025, and the SSA Appeals Council denied the Plaintiff's request for a review of that decision on November 5, 2025. [Dkt. 1-1, Notice, at 1]. The Plaintiff claims he received notice of the SSA Appeals Council's denial on November 10, 2025, [Dkt. 1 at 3], but he did not file his Complaint until January 13, 2026, [*id.* at 1, 3–4 (seeking an award of DIB or a remand to the SSA for further reconsideration)]. The Defendant SSA Commissioner then filed a Motion to Dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Plaintiff did not file a response within the 21-day period permitted by Local Rule 7.1(c), so the Defendant's Motion is unopposed, and this matter is now ripe for the Court's decision.

## II.    Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *Ohio v. United States*, 849 F.3d 313, 318 (6th Cir. 2017) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)). "To survive a motion to dismiss, a complaint must present facts that, if accepted as true, sufficiently 'state a claim to relief that is plausible on its face.'" *Coley v. Lucas*

*Cnty.*, 799 F.3d 530, 537 (6th Cir. 2015) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The untimeliness of a complaint under the applicable statute of limitations may be raised by a motion to dismiss.  *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434–35 (6th Cir. 2007).

III.    Analysis

The Defendant argues that the Complaint must be dismissed because it was filed after the 60-day statute of limitations for seeking judicial review expired and there is no equitable basis for tolling the limitation period.  [Dkt. 6 at 2].  The Defendant's uncontroverted assertions are correct, and the Court will dismiss the Complaint with prejudice.

Congress enacted a statute that prohibits judicial review by a federal district court of any final decision of the SSA that is not "commenced within sixty days after" the plaintiff received notice of the decision—unless the SSA grants additional time. 42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c) (implementing § 405(g)).  The SSA presumes that a party receives notice of a decision within five days after the date of the notice absent a showing to the contrary.  20 C.F.R. § 422.210(c); 20 C.F.R. § 404.901.  Here, the SSA's notice was dated November 5, 2025, [Dkt. 1-1 at 1], and the Plaintiff alleges that he received it five days later on November 10, 2025, [Dkt. 1 at 3].  The Plaintiff filed the Complaint on January 13, 2026, [*id.* at 1], which is 64 days after receipt and, therefore, untimely.[1]

---

[1] The record indicates that the Complaint was postmarked on January 8, 2026. [*See* Dkt. 1-4 at 1].  But the statute of limitations requires that the action for judicial review be "commenced within sixty days," not that the complaint be mailed within 60

3

Section 405(g) is a statute of limitations, not a jurisdictional bar, but it will be applied unless there is a ground for equitable tolling. *Cook*, 480 F.3d at 435, 437 (quoting *Bowen v. City of New York*, 476 U.S. 467, 480 (1986)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The Plaintiff has not asserted any argument relating to equitable tolling, and he has not filed any request for an extension of time to file the Complaint or to file a response brief to the Defendant's Motion. There are also no factual allegations in the Complaint that would explain

---

days. 42 U.S.C. § 405(g). The law makes no allowance for when the complaint was mailed. What matters is when the complaint was filed, which occurs when it is received by the clerk's office—not when it is placed in the mail. *See Tulis v. Orange*, 686 F. Supp. 3d 701, 715 (M.D. Tenn. 2023); *see also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). In this case, the record shows— in at least three different places—that the Complaint was received by the Clerk's Office on January 13, 2026, which was outside the 60-day limitations window. [*See* Dkt. 1 at 1 (the first page of the Complaint contains two date stamps, one that says "Jan. 13, 2026," and one that says "Jan. 13, 2025"; the latter is plainly a clerical error); Dkt. 1-4 at 1; Dkt. 1-5 at 1]. Thus, the Complaint is time-barred. The Sixth Circuit has held that "[f]ilings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline." *Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir. 1986) (citing *Lee v. Dallas Cnty. Bd. of Educ.*, 578 F.2d 1177, 1178, 1179 (5th Cir. 1978); *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E.D. Pa. 1976)); *see also Higgenbottom v. McManus*, 840 F. Supp. 454, 455 (W.D. Ky. 1994) ("A party whose complaint reaches the Clerk after the statute of limitations has expired ordinarily cannot maintain a lawsuit, even if the complaint was placed in the mail during the limitations period." (citing Fed. R. Civ. P. 3 & 5(e))).

4

the untimeliness. Thus, the Court will strictly apply § 405(g) to require that the Complaint be dismissed as untimely.

## IV. <u>Conclusion</u>

It may seem harsh to dismiss the Plaintiff's Complaint for missing the deadline by only four days, but the Court will abide by the bright-line rule that Congress chose for this kind of claim, especially in light of the fact that the Plaintiff did not respond to the Motion to Dismiss or otherwise argue in favor of tolling the deadline for the statute of limitations. *See* LR 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion."). Accordingly, the Court **GRANTS** the Defendant's Motion to Dismiss, [Dkt. 6], and the Complaint shall be **DISMISSED with prejudice**. The Court will enter a separate judgment.

Signed this 20th day of April, 2026.

<u>S. Chad Meredith, District Judge</u>
United States District Court
Eastern District of Kentucky